Charles C. GAITHER et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 6129.

Court of Civil Appeals of Texas, El Paso.

Nov. 18, 1970.

Rehearing Denied Dec. 30, 1970.

Doyle H. Gaither, Niland, Niland & Cooper, Jack Niland, El Paso, for appellants.

Crawford C. Martin, Atty. Gen., Watson C. Arnold, Dudley Fowler, Nola White, Alfred L. Walker and C. W. Pearcy, Asst. Attys. Gen., Austin, for appellee.

## OPINION

FRASER, Chief Justice.

This is a partial-taking condemnation case which was tried before a jury and submitted on the standard "Carpenter" charge (see State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194).

The land in question is a tract of some 634 acres lying 13.5 miles east of downtown El Paso at the intersection of I.H. 10 and Loop 75. The actual taking consisted of 5.009 acres of land taken in fee, and a drainage easement over .243 acres of land. The matter was first submitted to Commissioners, and both sides appealed, and the case was tried de novo in the El Paso County Court at Law No. One.

The case was submitted to the jury on three issues. In the first issue the jury awarded appellants $5,500.00 for the land taken, and in their answers to Issues Nos. 2 and 3, which were with reference to the value of the remainder before the taking and the remainder after the taking, the jury's answers resulted in a finding of $590,000.00 enhancement to the remainder after the taking.

The land owners have appealed the judgment entered in the County Court at Law. Appellants' first point is that the trial court committed error in failing and refusing to grant defendant-appellants' motion for severance. We do not find error in the court's action with regard to this matter. Appellants argue that the matter of taking of access should have been separately submitted and tried. In other words, there should have been a withholding of the access element of the case from the jury's consideration.

In the first place it must be remembered that the court has wide discretion in such matters, and we do not feel that in this particular matter the court abused its discretion.

The record shows that there was ample testimony with reference to whether or not appellants' accessibility to his land had been injured presented to the jury. The jury answered the three issues as follows: Question 1, as to the value of the actual land taken, $5,500.00; Question 2, as to the value of the remaining land before the taking, $385,000.00; Question No. 3, as to the value of the land after the taking, $975,000.00. It is clear from the record that the value of the remainder was arrived at by considering the access element along with all other pertinent elements. As appellee states, we do not see how "access rights" could be litigated in this case without reference to the value of some tract of land involved in the condemnation. By exhibits it is shown that the Commissioners did consider the matter when they had it for their determination. The Statement of Facts is replete with testimony, both general and in detail, as to the conditions of access as they existed before the taking and after the taking, and therefore we see no reason why access should be severed and tried again. As a matter of fact, appellants' witness Charles Gaither finally acknowledged and admitted that the access to his property was better after the taking than it had been before the taking. It is clear from a reading of the Statement of Facts that all the facets and ramifications of access were fully and clearly presented to the jury by both parties, and the jury evidently took the access evidence into account in arriving at its answer to Special Issue No. 3. We find this because the answer to Special Issue No. 3 enhanced the value of the remaining land because it was found, among other things, to have better and more desirable access after the taking. We do not find any Texas case where the matter of access has been severed in any similar condemnation case, and we see no reason for so doing in the case

presently before us. Therefore, appellants' first point is overruled.

■ Appellants' second point charges the court with error in refusing to grant their requested instruction, which is as follows:

"In connection with your consideration of the value of the remaining property after the taking, you may take into consideration diminution in value, if any, to the remainder of Defendants' property brought about or caused by the refusal of the State of Texas to allow Defendants full access rights to the frontage roads at the interchange of Loop 375 and Interstate Highway 10."

We do not find merit in this point. As we have stated before, all questions of access and questions of value were thoroughly developed in the trial of the case for the jury's consideration. In the case of Du-Puy v. City of Waco, 396 S.W.2d 103 (Tex.Sup.1965), it was stated that the whole matter of what may or may not be considered by the jury will best be determined by the trial court in the admission and exclusion of testimony, rather than by instructions to the jury. Here, the trial court did admit full evidence of diminution and enhancement by reason of changes in access, and the fact that the jury found considerable enhancement indicates that they took all factors, including access, into account.

■ Then, too, the instruction was written in such manner as, in our opinion, could well have constituted a comment on the weight of the evidence and could have suggested to the jury that it find or not find some character of damages against the State of Texas carrying with it the suggestion that the access problem should be considered, perhaps, a punitive damage issue injected into the case. Therefore, we find no error in appellants' second point, and the same is accordingly overruled.

■ Appellants' third point charges error on the part of the trial court in refusing to admit Gaither's Exhibit No. 1 in evidence, but admitting the same only for the purpose of a bill of exception, and withholding the same from the jury. We see no error in the court's action here, as we have examined this exhibit carefully and can find no particular use to the appellants except, perhaps, that they were attempting to discover and use appraisal reports made by the State and that they wished to take a paragraph of this letter as a lever to give them the right to go into the matter of the State's appraisal reports. The trial court rejected this argument and line of reasoning, and appellants therefore created their Bill of Exception No. 6. It appears that the Bill was partly intended to show that the said letter should be construed as making any appraisal reports joint property of appellee and appellants. Appellee qualified the Bill by showing that the letter did not stipulate that appellants would be presented with a copy of the appraisal report. The Bill was concluded, but the contents thereof were not offered into evidence, nor was the Exhibit No. 1 offered into evidence except for the purpose of the Bill, nor was the court requested to rule on any matters brought forward in the Bill. The letter in question (Gaither's Exhibit No. 1 for purposes of the Bill) was never thereafter offered in evidence and never objected to by appellee, and was never excluded from evidence by the trial court; but, as we have said, the trial court made no ruling relative to the introduction of such letter into evidence before the jury, and it seems apparent, therefore, that the court should not be charged with error for something it was not asked to do. Appellants also contend that "to this day no offer has been received from the condemnor or rejected by condemnee for the access rights sought to be condemned by the State of Texas."

In answer to this assertion by appellants, the record shows that the offer made by the State included a valuation of access rights; access rights were fully presented to the special Commissioners and fully de-

veloped during the course of the trial in the County Court before the jury and was, therefore, in our opinion, adequately passed upon by the jury. We do not find error in appellants' Point of Error No. 3, and it is accordingly overruled.

We have examined the appellants' remaining points and do not find merit in any of them.

Therefore, all of appellants' points are overruled and the judgment of the trial court is affirmed.